THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE McDONALD, *et al.*, | CIVIL ACTION NO. 02-0861 Z |
| Plaintiffs, | **WESTERN WIRELESS DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY IN THE PARALLEL STATE COURT ACTION** |
| vs | |
| WESTERN WIRELESS CORPORATION, a Washington corporation, *et al*, | NOTE ON MOTION CALENDAR Tuesday, Nov 5, 2002 |
| Defendants. | |

## I. RELIEF REQUESTED

The plaintiffs herein recently filed a substantially identical state court lawsuit, and they are attempting to use that lawsuit to circumvent the automatic stay of discovery in effect in this case. The Western Wireless defendants[1] respectfully request that this Court enter a protective order under 15 U.S.C. § 78u-4(b)(3)(D) staying discovery in the overlapping state court lawsuit until this Court has ruled on the Western Wireless defendants' pending motion to dismiss and has determined which claims will proceed in this Court.

---

[1] The Western Wireless defendants consist of all defendants other than John Bunce, Mitchell Cohen, and Hellman & Friedman LLC — specifically Western Wireless Corp., Billings Cellular Corp, WWC Midland Corp, WWC Holding Corp, Inc, WWC Texas License Corp, John Stanton, Theresa Gillespie, Donald Guthrie, Alan Bender, Mikal Thomsen, Jeffrey Christianson, Scott Hopper, David Miller, Bob Chaudhuri, and Warren Linney

WESTERN WIRELESS DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER TO STAY DISCOVERY
IN THE PARALLEL STATE COURT ACTION - Page 1
Case No. 02-0861 Z

DORSEY & WHITNEY LLP
U S BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE (206) 903-8800
FAX (206) 903-8820

## II. BACKGROUND

This case was brought by small group of former minority partners and shareholders in two regional cellular companies. Plaintiffs assert a variety of federal and state law claims allegedly arising out of a merger of the regional cellular companies into defendant Western Wireless Corporation The case was originally filed by plaintiffs in the United States District Court for the District of Montana, and was transferred to this Court by Magistrate Judge Richard Anderson

After the transfer, the Western Wireless defendants renewed their pending motion to dismiss plaintiffs' federal RICO claims and plaintiffs' various fraud claims asserted under both federal and state law. On July 3, 2002, this Court dismissed plaintiffs' RICO claims with prejudice, and dismissed plaintiffs' federal and state law fraud claims with leave to amend in 60 days. The Court stayed the case as to all remaining claims pending filing of an amended complaint. *See* Declaration of Todd S Fairchild in Support of Motion for Protective Order, Ex A (July 3, 2002 Order). The Court's Order further indicated that if plaintiffs' amended complaint failed to allege sufficient facts to support a federal securities claim, the Court would consider whether to retain pendant jurisdiction over the remaining state law claims Id

On September 3, 2002, plaintiffs filed their "Third Amended Complaint," seeking to remedy the deficiencies identified in the July 3 Order *See* Fairchild Decl., Ex. B (Third Amended Complaint) Three weeks later, on September 24, 2002, plaintiffs' filed a substantially identical lawsuit in state court (absent the federal statutory causes of action) brought on behalf of all of the same plaintiffs *See* Fairchild Decl , Ex C (King County Superior Court Complaint) Counsel for plaintiffs did not seek or reach any agreement with counsel for the Western Wireless defendants before filing the overlapping state court lawsuit.

WESTERN WIRELESS DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER TO STAY DISCOVERY
IN THE PARALLEL STATE COURT ACTION - Page 2
Case No. 02-0861 Z

DORSEY & WHITNEY LLP
U S BANK BUILDING CENTRE
1420 FIFTH AVENUE SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE (206) 903-8800
FAX (206) 903 8820

1  After filing the state court action, plaintiffs attempted to voluntarily dismiss all of their
2  claims herein under Fed R Civ P. 41  The Clerk of this Court rejected plaintiffs' notice of
3  dismissal, because responsive pleadings had already been filed by certain defendants. Plaintiffs
4  have not filed a motion seeking leave of Court to dismiss their claims herein.

5  On October 15, 2002, the Western Wireless defendants filed a motion to dismiss
6  plaintiffs' amended state and federal fraud claims. That motion is noted on the motion calendar
7  for Friday, November 8, 2002. Without waiting to learn how this Court will rule on the
8  sufficiency of their amended federal and state law fraud claims, plaintiffs are attempting to move
9  forward with wide-ranging discovery in the overlapping state court action  Plaintiffs served the
10 Western Wireless defendants with an extraordinarily burdensome set of interrogatories and
11 requests for production relating to claims that are now pending in both courts. *See* Fairchild
12 Decl., Ex  D (Discovery Requests).

13 Discovery in this case has been automatically stayed under the Private Securities
14 Litigation Reform Act of 1995 ("PSLRA") as a result of the Western Wireless defendants'
15 motions to dismiss. The Western Wireless defendants respectfully request that the Court
16 exercise its authority under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA")
17 to stay discovery in the overlapping state court action until this Court rules on the pending
18 motion to dismiss and also determines where plaintiffs' remaining claims will be litigated.

### III.   ARGUMENT AND CITATION OF AUTHORITY

**A.   This Court Should Stay Discovery in the Parallel State Court Action in Accordance With the Securities Litigation Uniform Standards Act of 1998**

SLUSA contains a provision specifically designed to give federal courts the power to stay state court discovery in this situation. 15 U.S.C. § 78u-4(b)(3)(D) (2002)  The code section provides that "a court may stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject

WESTERN WIRELESS DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER TO STAY DISCOVERY
IN THE PARALLEL STATE COURT ACTION - Page 3
Case No. 02-0861 Z

DORSEY & WHITNEY LLP
U S BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE (206) 903 8800
FAX (206) 903-8820

to a stay of discovery pursuant to this paragraph." 15 U.S.C. § 78u-4(b)(3)(D). The purpose of the SLUSA discovery stay provision is to ensure "that the resolution of the federal claims proceeds in a manner that preserves the federal rights created by the PSLRA." BankAmerica Corp Securities Litigation v McColl, 263 F 3d 795, 803 (8th Cir. 2001). The SLUSA code section was expressly designed to prevent plaintiffs from using a state court lawsuit to circumvent the automatic stay of discovery provided by PSLRA. 15 U.S.C § 77z-1(b)(1) (2002); Newby v Enron Corp., No CIV A H-01-3624, 2002 WL 1001056, at *2 (S.D.Tex 2002)

The legislative history of SLUSA reveals Congress' intent that the discovery stay be used liberally "so that the preservation of State court jurisdiction of limited individual securities fraud claims [do] not become a loophole through which the trial bar can engage in discovery not subject to the [automatic] stay of the Reform Act." Newby, 2002 WL 1001056 at *2, citing H.R. Rep 105-640 [2]

In Newby, numerous lawsuits with substantially similar plaintiffs and claims were filed in both state and federal courts in Texas. Newby, 2002 WL 1001056 at *1  The District Court enjoined state court discovery under SLUSA, finding that extensive document production would interfere with adjudication of the federal cases and was an attempt to circumvent the automatic stay of discovery under the PSLRA Id at *3, see BankAmerica, 263 F.3d at 803. The same principle applies here, particularly where the plaintiffs voluntarily invoked the authority of the federal courts (this is not a removed action), and where plaintiffs do not have an unfettered right to voluntarily to dismiss this case and search for another forum.

---

[2] The first reported decision under SLUSA interpreted the stay to apply only to class actions in state court  See In re Transcrypt Int'l Securities Litigation, 57 F Supp 2d 836, 847 (D Neb 1999)  The decision of the Magistrate Judge in Transcrypt has been strongly criticized as being contrary to the clear meaning of the statute  See BankAmerica, 263 F 3d at 802-03, Newby, 2002 WL 1001056 at *3, 5 H BLOOMENTHAL & S WOLFF, SECURITIES AND FEDERAL CORPORATE LAW § 16 159 (2d ed 2002), A C Pritchard, Constitutional Federalism, Individual Liberty, and the Securities Litigation Uniform Standards Act of 1998, 78 WASH U L Q. 435, 488-90 & n 267 (2000)

WESTERN WIRELESS DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER TO STAY DISCOVERY
IN THE PARALLEL STATE COURT ACTION - Page 4
Case No. 02-0861 Z

DORSEY & WHITNEY LLP
U S BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE (206) 903-8800
FAX (206) 903-8820

## IV. CONCLUSION

For the forgoing reasons, the Western Wireless defendants respectfully request that the Court issue a protective order staying discovery in the parallel state court action until this Court rules on the pending motion to dismiss and determines which claims will proceed in this Court

RESPECTFULLY SUBMITTED this 23 day of October, 2002.

DORSEY & WHITNEY LLP

*/s/ Evan L. Schwab*
Evan L. Schwab, WSBA #2174
Todd S. Fairchild, WSBA #17654
U.S Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101

Attorneys for defendants Western Wireless Corp., Billings Cellular Corp., WWC Midland Corp., WWC Holding Co., Inc., WWC Texas License Corp., John Stanton, Theresa Gillespie, Donald Guthrie, Alan Bender, Mikal Thomsen, Jeffrey Christianson, Scott Hopper, David Miller, Bob Chaudhuri, and Warren Linney

### Certification of Counsel Pursuant to Fed.R.Civ.P. 26(c)

On Tuesday, October 23, 2002, the undersigned counsel for the Western Wireless defendants conferred in good faith by telephone with plaintiffs' counsel, John Oitzinger, in an effort to resolve this discovery dispute without court action. Counsel for the parties were unable to resolve this discovery dispute by agreement.

Dated his 24th day of October, 2002

*/s/ Evan L. Schwab*
Evan L. Schwab, WSBA #2174

WESTERN WIRELESS DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER TO STAY DISCOVERY
IN THE PARALLEL STATE COURT ACTION - Page 5
Case No. 02-0861 Z

DORSEY & WHITNEY LLP
U S BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE (206) 903-8800
FAX (206) 903 8820